JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESMERALDA JIMENEZ GONZALEZ,<br>Plaintiff,<br>v.<br>PAMELA BONDI, *et al.*,<br>Defendants. | Case No. 5:25-cv-03016-FLA (SPx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 9] AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On November 10, 2025, Plaintiff Maria Esmeralda Jimenez Gonzalez ("Plaintiff") filed the Complaint for Writ of Mandamus ("Complaint"). Dkt. 1. On November 13, 2025, Plaintiff filed the subject Ex Parte Application for Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue ("Application"). Dkt. 9. The court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for January 7, 2026. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

Plaintiff asserts she has been in removal proceedings before an immigration court since September 2019. Dkt. 9-1 at 5. On January 13, 2022, Plaintiff requested cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1) ("§ 1229b(b)(1)"), "on

account of the exception[al] and extremely unusual hardship her sole qualifying relative and then 17-year-old daughter would face if Plaintiff were removed from the United States." *Id.* at 6. Plaintiff then requested the immigration court administratively close her removal proceedings, which the court granted on June 22, 2022. *Id.*

On February 8, 2023, Plaintiff moved the immigration court to re-open her removal proceedings. *Id.* On March 13, 2023, the immigration court dismissed the removal proceedings as a result of an earlier pending request by the government. *Id.* Plaintiff then moved for reconsideration and her proceedings were re-calendared for October 24, 2023. *Id.* at 6–7. Plaintiff's individual hearing occurred on May 10, 2024. *Id.* at 7.

On May 10, 2024, the immigration court found Plaintiff merited relief from removal pursuant to 8 U.S.C. § 1229b(b)(1) ("§ 1229b(b)(1)"), but held that decision in abeyance because the 4,000 annual cap on visas under that statute had already been met for that calendar year. Dkt. 9-1 at 8.[1] According to Plaintiff, her daughter turned 21 years old on November 19, 2025, putting Plaintiff at risk of removal under the government's interpretation of § 1229b(b)(1), despite the immigration court's determination. *Id.* at 10–11. Plaintiff further states the immigration court denied her motions for an expedited visa despite her compliance with and reliance on the immigration court's instructions regarding how and when to bring such motions. *Id.* at 9–10, 13.

Plaintiff contends "Defendants' willful failure to adjudicate Plaintiff's application causes irreparable harm to Plaintiff by depriving her of the benefit of cancellation of her removal which was agreed upon by the Immigration Judge on May 10, 2024." Dkt. 1 ¶ 15. In the Application, Plaintiff seeks "an urgent order to either

---

[1] 8 C.F.R. § 1240.21(c)(1) provides: "When grants are no longer available in a fiscal year, further decisions to grant such relief must be reserved until such time as a grant becomes available under the annual limitation in a subsequent fiscal year."

require the government to issue the visa that was adjudicated on May 10, 2024, or to issue a directive to freeze Plaintiff's daughter's age at 20 during the pendency of this litigation." Dkt. 9-1 at 5.

Defendants oppose the Application on grounds including this court lacks subject matter jurisdiction over Plaintiff's claims. Dkt. 20 at 5–7. The court agrees with Defendants. Pursuant to 8 U.S.C. § 1252(b)(9):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under [title 8 of the United States Code] shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Pursuant to 8 U.S.C. § 1252(a)(5):

> Notwithstanding any other provision of law (statutory or nonstatutory), … a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)

The Ninth Circuit has recognized that "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." *Martine v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012). "The legislative history of the [Immigration and Nationality Act], as well as amendments to § 1252(b)(9), confirm that Congress intended to channel all claims arising from removal proceedings … to the federal courts of appeals and bypass the district courts." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1033 (9th Cir. 2016).

As Plaintiff's claims are "inextricably linked" to the removal proceedings before the immigration court and that court's reserved decision to grant Petitioner's

request, this court lacks subject matter jurisdiction over Plaintiff's claims.[2] The court, therefore, DISMISSES the action for lack of subject matter jurisdiction and DENIES the Application as moot.

IT IS SO ORDERED.

Dated: January 6, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] Plaintiff cites *Martinez-Perez v. Barr*, 947 F.3d 1273, 1279–84 (10th Cir. 2020), as an example where "the court required the Board of Immigration Appeals to fix the minor's age to that of under the age of 21." Dkt. 21 at 8; *see also* Dkt. 9-1 at 15. Plaintiff misreads that case. The Tenth Circuit did not hold that the BIA had the authority to fix a child's age for purposes of § 1229b, as Plaintiff contends—the court held only that the BIA erred in concluding it lacked jurisdiction to consider arguments on that issue. *Martinez-Perez*, 947 F.3d at 128 ("Because the BIA erred in holding that it lacked jurisdiction to grant Petitioner's application and, in turn, failed to exercise its interpretive authority, we must remand."). Furthermore, even if the court were to assume *arguendo* that *Martinez-Perez* supported Plaintiff's argument, which it does not, such holding would not establish that *district courts* have the jurisdiction to fix or "freeze" a child's age for purposes of § 1229b, as Plaintiff requests. Plaintiff does not cite any judicial opinions to support her argument that district courts have such jurisdiction or authority. *See* Dkts. 9-1, 21. Plaintiff's argument, thus, fails.